IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY DEAN FORD,

        Petitioner,                      No. CIV S-05-0944 LKK GGH P

    vs.

TOM L. CAREY, Warden,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was sentenced, with prior convictions, under the Three Strikes Law to a term of sixty years to life, on October 4, 2002, after a Sacramento County Superior Court jury trial conviction for two counts of robbery in the second degree (Cal. Penal Code § 211) with enhancements. First Amended Petition (FAP), p. 2. On February 16, 2006, petitioner filed a first amended petition setting forth both exhausted and new, unexhausted claims.[1] On February 28, 2006, petitioner filed a motion for a stay pending exhaustion of state court remedies as to the new claims. Respondent has filed no opposition to the motion, and the time for doing so has expired.

---

[1] The original petition was filed pro se on May 13, 2005.

1

Petitioner's counsel contends that only after extensive review of transcripts and trial counsel's files and subsequent research were the new claims unearthed, and that petitioner was not (and apparently could not) have been aware of the new claims when petitioner exhausted, in timely and diligent fashion, the four claims set forth in the original petition. Stay Request, pp. 3-5, Declaration of Marylou Hillberg. The new claims include: claim 2) prosecutor failed to disclose material exculpatory evidence related to criminal cases and probationary status of key prosecution witness in violation of petitioner's constitutional rights; claim 3) ineffective assistance of counsel when defense counsel failed to investigate favors granted to Connie Groins in exchange for her testimony; claim 4) key prosecution witnesses provided false, perjurious testimony against petitioner; claim 5) conviction and sentence violates Fifth, Sixth, Eighth, and Fourteenth Amendments of the federal constitution as well as sections (enumerated in the claim) of Article 1 of the state constitution, in deprivation of petitioner's rights to due process and to equal protection, his right to reasonably competent assistance of counsel and his right to be free of cruel and unusual punishment because petitioner is actually innocent of the crimes for which he was convicted and sentenced. FAP, pp. 5-15 ; Stay Request, p. 3.

Petitioner was directed, in the June 14, 2005 scheduling order appointing the Federal Defender as his counsel,[2] that good cause for failing to exhaust as to any claims must be demonstrated, pursuant to Rhines v. Weber, [544 U.S. 269,] 125 S. Ct. 1528 (2005). See Order, filed 6/14/05, p. 2.

Because petitioner's motion is unopposed, and hence good cause is inferred, the court will recommend a stay. Petitioner should be directed to proceed to exhaust claims 2 through 5 within thirty days of the imposition of a stay in this matter, should that occur, and should file a notice of completed exhaustion and a request to lift the stay within thirty days of a decision by the state supreme court.

---

[2] Present counsel was substituted in by order filed on July 1, 2005.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's February 28, 2006 unopposed motion/request for a stay of the first amended petition should be granted, pending exhaustion of state court remedies as to claims 2 through 5 of the first amended petition;

2. This matter be stayed and administratively closed pending such exhaustion; and

3. Within thirty days of the imposition of any stay, petitioner be directed to proceed to exhaust the new claims in state court; and, thereafter, within thirty days of a decision rendered by the state supreme court, to file a notice of completed exhaustion and a request to lift the stay.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/9/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
ford0944.fr

3