IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FORD<br>      Petitioner,<br>    vs.<br><br>TOM L. CAREY, WARDEN<br>      Respondent.<br>_____/ | No.   CIV-S-05-0944 LKK GGH P<br><br>ORDER |

The order authorizing the evidentiary hearing (Docket # 40) recounted the somewhat troubled history of the sweatshirt DNA testing in this case – testing that was necessary in connection with respondent's motion to dismiss based on the AEDPA statute of limitations, as well as petitioner's actual innocence claims.

Petitioner's counsel, a skilled and zealous attorney, has asked that the previously ordered evidentiary hearing be continued. She does so at this time because of the possibility that a recently developed, more sophisticated DNA test, the Minifiler test, could possibly exclude petitioner from the DNA found on a sweatshirt clearly pertinent to the robbery at issue here, the sweatshirt within which the dye pack exploded. Previous DNA tests revealed the presence of samples on the sweatshirt which would not have identified petitioner, i.e., deposited by other

1 persons, and one sample from which petitioner could not be excluded.  The motion to continue the
2 evidentiary hearing has the SERI DNA report attached ("Report"); this report reflects the less
3 sophisticated testing that has been performed to date.  The DNA analyst's declaration is also
4 attached.

5          Counsel concedes, that in the absence of further testing, she will not be able to
6 meet the standards required for a claim of actual innocence.

7          Respondent's counsel has opposed continuing the hearing, and asks that the
8 hearing be canceled, not just continued.  Respondent counsel's request may have merit.

9          The Report omits discussion of one critical issue.  Unlike bodily fluid DNA found
10 in body orfices of a rape victim, fluid deposited by a person different from, and a stranger to, the
11 victim, DNA found on clothes does not necessarily prove or disprove a person's involvement in a
12 crime.  One need look no further than the analyst's report in this case to see the proof of this.

> It is not uncommon to find DNA in clothing . . . that is worn next to the skin.  If clothing is not washed (e.g. hats) DNA from perspiration and abrasions can build up on the item where it is in contact with the body.  If the article is worn by more than one person, mixtures of DNA are detected.

16 Report at 3.

17          As demonstrated in the Report, however, items of clothing which one might expect
18 to be worn close to the skin, e.g. the sweatband on a cap, may not contain *any* discernable DNA.
19 Thus, a hat may be worn by one, or more, persons without any discernable DNA being present.
20 Such was the situation in this case as the sweatband on the cap associated with the robber
21 contained no discernible DNA.  Report at 3.

22          The presence of petitioner's DNA on the dye packed sweatshirt would be
23 overwhelming evidence of his involvement in the robbery as the sweat shirt was found nearby the
24 scene of the robbery.  However, the absence of petitioner's DNA on the sweatshirt, like the cap,
25 could well mean nothing more than that the apparently often used sweatshirt never touched his
26 skin, or his DNA was not otherwise deposited, or by some means was destroyed. The absence of

1 DNA *per se* says relatively little at this time about whether *petitioner* wore the sweatshirt on the
2 day of the robbery – a dye packed sweatshirt undoubtedly involved in the robbery.
3       In the absence of an expert's or other declaration, which asserts that the absence of
4 petitioner's DNA on this particular sweatshirt clearly and convincingly indicates that he could not
5 have worn it on the robbery day, it makes little sense to hold an evidentiary hearing, or to
6 authorize further expensive testing on the ambiguous DNA sample.

7 *Conclusion*

8       Petitioner has twenty-one (21) days in which to supply the declaration.  If such a
9 declaration cannot be procured, the actual innocence claim of the petition will be dismissed as
10 barred by the AEDPA statute of limitations and on its merits.  The presently scheduled evidentiary
11 hearing (January 12, 2010) is vacated without prejudice to its renewal upon submission of the
12 declaration(s).

13       IT IS SO ORDERED

14 DATED: January 4, 2010

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE