IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY DEAN FORD,

    Petitioner,                  No. CIV S-05-0944 LKK GGH P

    vs.

TOM L. CAREY,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding through appointed counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        Petitioner states five claims for relief. On June 29, 2009, respondent moved to dismiss claims two through five. (Dkt. No. 33). On November 12, 2009, the Magistrate Judge filed findings and recommendations regarding this motion, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.

1  Claims two, three and four concern the testimony of witness Constance Goins at
2 trial.  Specifically, as summarized by the Magistrate Judge, claim two alleges that the prosecution
3 disclose that Goins received preferential treatment in other criminal cases for her testimony, and
4 that this non-disclosure violated Brady v. Maryland, 373 U.S. 83 (1963).  Claim three alleges that
5 petitioner's trial counsel was ineffective for failing to investigate this deal, and claim four
6 contends that Goins provided false and perjurious testimony. The Magistrate Judge concluded
7 that each of these claims was time barred.  Petitioner's objections pertain solely to these claims.
8 Having carefully reviewed the entire file, the court finds this conclusion supported by the record
9 and by proper analysis.[1]  Accordingly, these claims are dismissed.

10  Claim five "alleges that petitioner is actually innocent, as his DNA may not have
11 been on a sweatshirt recovered following one of the bank robberies" for which petitioner was
12 convicted.  Findings and Recommendations at 11 (citing Second Amended Petition at 14-16).
13 Respondent contended that this claim was untimely under the statute of limitations imposed by
14 the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and also
15 that petitioner had failed to provide sufficient evidence of actual innocence.  As thoroughly

---

[1] Petitioner's objections raise a new argument that was never presented to the Magistrate Judge, viz., that petitioner's Claim 3 (ineffective assistance of trial counsel based on his alleged failure to investigate the favorable dispositions of criminal matters accorded the prosecution's key witness in exchange for her testimony) was timely made because it "relates back" to the filing of the initial petition and petitioner's Claim 1 (ineffective assistance of trial counsel based on his alleged failure to object to evidence presented by the prosecution that a similarly situated defendant had received a relatively light sentence). Objections, Docket 42, at 1-3.  A district court must exercise its discretion in deciding whether to consider an argument presented for the first time in objections to a magistrate judge's recommendation.  See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000).  For the following reasons, this Court considers and rejects petitioner's new argument.  Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure permits an amendment to a pleading filed beyond the statute of limitations to relate back to the date of the original pleading if the asserted claim "arose out of the conduct, transaction, or occurrence set forth – or attempted to be set forth – in the original pleading . . ."  See Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 2574 (2005) ("[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order") (fn. omitted).  Since the ineffective assistance of counsel claims set forth in Claims 1 and 3 do not share a common core of operative facts, Claim 3 does not relate back to the initial filing of the petition, and cannot proceed on that basis.

1  discussed in the Magistrate Judge's findings and recommendations, the interplay of the actual innocence doctrine and the AEDPA statute of limitations is a difficult question, one which remains open in the Ninth Circuit and on which other circuits are split. Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (declining to resolve this question). Several circuits have suggested that a showing of actual innocence provides relief from AEDPA's limitations requirements, and that a holding to the contrary risks violating the suspension clause. See, e.g., McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir. 2007), Burger v. Scott, 317 F.3d 1133, 141 (10th Cir. 2003), Felder v. Johnson, 204 F.3d 168, 171 n. 8 (5th Cir. 2000). Other circuits have suggested that actual innocence claims are subject to the ordinary AEDPA limitations requirements, such that a petitioner must show diligence in discovering the basis of the actual innocence claim. See, e.g., David v. Hall, 318 F.3d 343, 347 (1st Cir. 2003), Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005), Flanders v. Graves, 229 F.3d 974, 977 (8th Cir. 2002).

The Magistrate Judge adopted the latter approach, and set an evidentiary hearing to determine whether petitioner's evidence sufficed to show both actual innocence and the necessary diligence. Petitioner has since conceded that the available evidence is insufficient to demonstrate actual innocence under Schlup v. Delo, 513 U.S. 298 (1995). See Decl. of Marylou Hillberg Supp. Mot. to Continue Evid. Hearing, Dec. 24, 2009, Dkt. No. 43, at 3, and Withdrawal of Req. for Evid. Hearing on DNA Evid., Mar. 10, 2010, Dkt. No. 50. Although the Magistrate Judge has not yet responded to this concession, no prejudice results from considering it here. This concession moots the limitations issue. Insofar as the limitations question is moot and concerns a possible constitutional limit on a statute, the court does not address it here.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 12, 2009, are adopted as to claims two, three and four;

---

[2] The court further notes that AEDPA's statute of limitations is not jurisdictional, Day v. McDonough, 547 U.S. 198, 205 (2006), and therefore need not be resolved prior to the merits.

2. Claims two, three and four are dismissed as untimely;

3. The court declines to adopt the findings and recommendations filed on November 12, 2009 insofar as they pertain to claim five.

4. Claim five is dismissed on the merits.

DATED: March 17, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT